UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK AND RITA BOLUCH,

        Plaintiff,

                                       Case Number 14-14705
v.                                    Honorable David M. Lawson

J.P. MORGAN CHASE BAND and
CALIBER HOME LOANS, INC.,

        Defendants.

_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING COMPLAINT WITH PREJUDICE</u>**

The plaintiffs filed a complaint in state court alleging that the defendants committed fraud, breach of contract, and violated Michigan's foreclosure by advertisement statute when they foreclosed on the plaintiffs' residential home mortgage, despite promises to modify their loan. It is a familiar story, although this version lacks the detail that is necessary to justify relief under existing law. The defendants removed the case to this Court and filed a motion to dismiss. The plaintiffs have not responded to the motion, and plaintiffs' counsel failed to appear at the motion hearing today. The Court finds that the plaintiffs' complaint fails to state claims for which relief can be granted under Michigan or federal law. Therefore, the motion will be granted.

I.

The plaintiffs' home is located on Lancaster Court in Woodhaven, Michigan. Plaintiffs Kirk and Rita Boluch obtained a loan in the amount of $152,000 from defendant Chase Home Finance, LLC (Chase) on July 25, 2005. As security for the loan, they granted a mortgage on their home to Chase and its successors and assigns. On June 25, 2013, Chase assigned the mortgage to defendant

Caliber Home Loans, Inc. (Caliber). The assignment was duly recorded in the office of the Wayne County, Michigan register of deeds.

The plaintiffs allege that, after falling behind on their payments in 2012, they contacted Caliber about the possibility of a loan modification. They contend that they submitted documents in support of a loan modification on multiple occasions; however, the defendants repeatedly told them that they were never received. On October 30, 2014, the plaintiffs allege that the defendants told them to mail their pay stubs. The plaintiffs did so. However, Caliber told the plaintiffs that "it was too late" when the plaintiffs called to verify receipt.

The plaintiffs allege that on November 3, 2014, they "were told to pay $5,000 and that monthly payments would increase over $2,000 per month." Compl. ¶ 18. Shortly thereafter, Caliber commenced foreclosure by advertisement proceedings.

The sheriff's sale occurred on November 13, 2014. Caliber purchased the property at the sheriff's sale for $125,000 and was given a sheriff's deed in exchange. The sheriff's deed was recorded on November 21, 2014. The six-month statutory redemption period expires on May 13, 2015. To date, the plaintiffs have not redeemed the property.

The plaintiffs' complaint contains counts labeled wrongful foreclosure (count I), breach of contract (count II), and fraudulent misrepresentation (count III). The defendants contend in their motion that none of the counts are viable, and they seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.

The purpose of Rule 12(b)(6) is to assess whether the complaint is legally sufficient to allow the case to proceed further, even if all the allegations in the complaint are taken as true. *Rippy ex*

*rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the third-party complaint is viewed in the light most favorable to the plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, a plaintiff must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be accepted unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that

the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Although the plaintiffs have not responded to the defendants' motion, the Court may not dismiss the case based solely on the plaintiffs' defalcation. *Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (holding that "the Federal Rules of Civil Procedure place the burden on the moving party to demonstrate that the plaintiff[s] failed to state a claim for relief"). Instead, the court must make its own assessment of the complaint to determine whether it states a viable claim. *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam)).

A.

The defendants contend that the Court should dismiss the allegations against Chase because the complaint does not contain any allegations against it. The defendants are correct. The complaint contains only two factual allegations against Chase: that it is a foreign corporation doing business in the State of Michigan, and the plaintiffs obtained a mortgage from Chase on July 25, 2005. Those allegations are insufficient to plead any causes of action against Chase because no wrongful conduct by Chase is alleged.

B.

In count I of the complaint, the plaintiffs contend that the defendants violated Michigan Compiled Laws § 600.3201 because they engaged in dual tracking. "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 585 (E.D. Mich. 2014) (citing *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 153 Cal. Rptr. 3d

546 (2013)). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Jolley*, 153 Cal. Rptr. 3d at 572. Michigan's response to remediate that practice is a statute that requires a lender to wait 90 days before commencing foreclosure proceedings against a borrower who has requested a meeting with the lender. Mich. Comp. Laws § 600.3205a(e). Nevertheless, "alleged dual tracking violations relate to the loan modification process rather than the foreclosure process . . . [and] the only remedy for a violation of the loan modification process is a conversion of the foreclosure by advertisement into a judicial foreclosure, which must have occurred before the foreclosure by advertisement was completed." *Kloss*, 996 F. Supp. 2d at 585; *see also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013) (a court may only set aside a foreclosure if the violation relates to the foreclosure procedure itself). The plaintiffs have not requested the Court to convert the foreclosure to a judicial foreclosure and, in any event, the foreclosure by advertisement has been completed. The Court therefore will dismiss count one of the plaintiffs' complaint.

The plaintiffs also allege in count I that the defendants failed to calculate the amount due on the foreclosure notice properly. The defendants argue that the Court should dismiss count one because those allegations are conclusory. Again, the defendants are correct. Following *Twombly* and *Iqbal*,

> a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing. The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct.

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal citations omitted).

The plaintiffs do not state in their complaint why they believe the amount on the foreclosure notice was miscalculated or what the amount should have been. However, the affidavit attached to the sheriff's deed stated that the plaintiffs owed $166,052 on their mortgage as of October 16, 2014. An affidavit attached to a sheriff's deed is presumptive evidence of the facts contained in the affidavit. Mich. Comp. Laws § 600.3264; *see also Farnsworth v. Nationstar Mortgage, LLC*, 569 F. App'x 421, 429 (6th Cir. 2014) (noting that an affidavit attached to a sheriff's deed is "entitled to a presumption of validity"). Although the plaintiffs did not attach the sheriff's deed to their complaint, the Court may consider the sheriff's deed because it is central to the plaintiffs' claims and referenced in the complaint. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (observing that "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment"). Because there are no well-pleaded facts to support the plaintiffs' allegations or any evidence to overcome the presumption that the amount listed in the affidavit to the sheriff's deed is accurate, count I of the plaintiffs' complaint will be dismissed.

Even if the amount was inaccurate, the plaintiffs have failed to establish prejudice, which they must do. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012) (holding that "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced"). "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant[s'] noncompliance with the statute." *Id.* at

115-16, 825 N.W.2d at 337. Relevant factors include whether the plaintiffs were led to believe that a sale had not taken place, the plaintiffs acted promptly after they became aware of the facts on which they based their complaint, the plaintiffs made an effort to redeem the property during the redemption period, the plaintiffs were represented by counsel throughout the foreclosure process, and the defendants relied on the validity of the sale by taking steps to protect their interest in the property. *Kim*, 493 Mich. at 121, 825 N.W.2d at 340 (Markman, J., concurring); *see also Connolly v. Deutsche Bank Nat. Trust Co.*, 12-12517, 2013 WL 4084742 (E.D. Mich. Aug. 13, 2013) (citing Justice Markman's factors in evaluating prejudice). The plaintiffs must establish prejudice even if a party files suit before the expiration of the redemption period. *New Jerusalem Deliverance Church v. Evangelical Christian Credit Union*, No. 309571, 2014 WL 238474, at *2 (Mich. Ct. App. Jan. 21, 2014).

The plaintiffs have not alleged a connection between the alleged fraud or irregularity in the foreclosure procedure and any ability they might have to preserve their interest in the property. *See Diem v. Sallie Mae Home Loans, Inc.*, --- N.W.2d ---, 307 Mich. App. 204 (2014) (dismissing plaintiff's complaint because the plaintiff's allegation that the defendant was neither the mortgage holder nor the servicing agent had no causal connection between any ability he might have had to preserve his interest in his property). The plaintiffs do not allege that they had the resources to outbid the highest bidder at the sheriff's sale, made any effort to redeem the property, or were led to believe that a sale had not taken place. Because the plaintiffs have not pleaded facts showing prejudice, count I cannot proceed. *See Harrison v. Bank of Am.*, NA, No. 12-CV-12281, 2013 WL 440163, at *4 n.4 (E.D. Mich. Jan. 17, 2013) ("Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to

outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them.") (citations omitted).

C.

In count II of their complaint, the plaintiffs allege that the defendants violated an implied covenant of good faith and fair dealing by "disingenuously negotiating loss mitigation assistance with the plaintiffs;" "asking . . . [p]laintiffs for more money and increasing the payments;" and "misleading [p]laintiffs about approval and extension of loss mitigation assistance as an alternative to foreclosure." Compl., dkt. #1-2 at 6. However, "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271, 279 (2003); *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006). Accordingly, the Court must dismiss the plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

The plaintiffs also allege that the defendants breached their contract. To state a claim for breach of contract under Michigan law, a plaintiff must establish the elements of a valid contract. *Pawlak v. Redox Corp.*, 182 Mich. App. 758, 765, 453 N.W.2d 304, 307 (1990). The elements of a valid contract in Michigan are (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *Thomas v. Leja*, 187 Mich. App. 418, 468 N.W.2d 58, 60 (1990). Once a valid contract has been established, the plaintiffs then must prove (1) the terms of the contract, (2) breach of those terms by the defendant, and (3) injury to the plaintiff resulting from the breach. *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003).

The defendants do not dispute that the note and mortgage formed a valid contract. Instead, the defendants argue that the plaintiffs have not alleged what specific terms of the note or mortgage were breached or any conduct by the defendants constituting a breach. The defendants are correct. The plaintiffs have failed to plead any facts that establish the elements of a claim for breach of contract. The Court will dismiss that claim.

D.

In count III of their complaint, the plaintiffs allege that the defendants engaged in fraudulent misrepresentation by leading the plaintiffs to believe that loss mitigation alternatives were available and that the defendants would modify their loan. To state a claim for fraud under Michigan law, the plaintiffs must plead "'(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.'" *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 815-16 (1976) (quoting *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141, 143 (1919)). Moreover, a party must state "with particularity" the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). That means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (quotation marks and citation omitted).

The defendants argue that the plaintiffs have not alleged fraud with the requisite particularity. Once more, the defendants are correct. The plaintiffs have not alleged the time or place of the alleged fraudulent statements, identified who made the statements, or why the statements were fraudulent.

Additionally, the plaintiffs have not alleged plausibly the element of reasonable reliance. To state a claim for fraud, a plaintiff not only must allege that he relied on a false representation, but he also must show that his reliance was reasonable. *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App. 16, 39, 761 N.W.2d 151, 165 (2008) (observing that Michigan courts have "frequently reiterated that, to sustain a fraud claim, the party claiming fraud must *reasonably* rely on the material misrepresentation"); *see also Foreman v. Foreman*, 266 Mich. App. 132, 141-42, 701 N.W.2d 167, 175 (2005) (holding that the plaintiff had to "show that any reliance on defendant's representations was reasonable"); *Nieves v. Bell Indus., Inc.*, 204 Mich. App. 459, 464, 517 N.W.2d 235, 238 (1994) ("A misrepresentation claim requires reasonable reliance on a false representation.") (citing *State-William Partnership v. Gale,* 169 Mich. App. 170, 425 N.W.2d 756 (1988)). The determination of whether the plaintiffs' alleged reliance was reasonable can be made "at the pleading stage and without discovery." *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 664 (6th Cir. 2013) (citing *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 599 N.W.2d 546, 553-54 (1999)). Reliance on a false statement generally is deemed unreasonable when the fraud victim has information on his own that establishes the falsity of the representation. *Montgomery Ward & Co. v. Williams*, 330 Mich. 275, 284, 47 N.W.2d 607, 611 (1951) (holding that fraud cannot be "perpetrated upon one who has full knowledge to the contrary of a representation"); *see also Webb v. First of Michigan Corp.*, 195 Mich. App. 470, 474, 491 N.W.2d 851, 853 (1992)

("[T]here can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the plaintiff and the degree of their utilization has not been prohibited by the defendant.") (citing *Schuler v. American Motors Sales Corp.*, 39 Mich. App. 276, 279-280, 197 N.W.2d 493 (1972)).

The plaintiffs cannot establish the element of reasonable reliance because the mortgage clearly states that foreclosure could result if they did not make their monthly payments. Therefore, the Court must dismiss the plaintiffs' claim for fraudulent misrepresentation.

Finally, the statute of frauds bars the plaintiffs' claim that defendant Caliber orally promised a loan modification. Michigan Compiled Laws § 566.132(2) states:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> \* \* \*
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

The Michigan Court of Appeals has held that section 566.132(2) is "unambiguous" and "plainly states that a party is precluded from bringing a claim—no matter its label—against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Technology Park v. D&N Bank FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000); *see also Saad v. Aurora Loan Servs., L.L.C.*, No. 304813, 2012 WL 3590063, at *2 (Mich. Ct. App. Aug. 21, 2012) (holding that Mich. Comp. Laws § 566.132(2) does not permit plaintiff to bring an action against defendant, a financial institution, to enforce an oral promise to modify a loan).

The Court will dismiss the plaintiffs' claim that the defendants orally promised to modify the plaintiffs' loan because the claim is barred by Michigan Compiled Laws section 566.132(2).

III.

The plaintiffs have not stated claims in their complaint for which relief can be granted. Therefore, the Court will dismiss the complaint with prejudice.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt. #5] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 29, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI